UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TABBITHA MEYER,

    Plaintiff,

v().    Case No. 13-2115-KHV

DG RETAIL LLC,

    Defendant.

# ORDER

The plaintiff, Tabbitha Meyer, a retail sales associate formerly employed by the defendant, DG Retail LLC, brings this action alleging she was subjected to unlawful discrimination in violation of 42 U.S.C. § 2000e et seq. Specifically, plaintiff alleges she was discriminated against because of her pregnancy. Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is a motion to compel plaintiff to provide complete answers to defendant's first set of interrogatories and requests for production **(doc. 39)**. For the reasons discussed below, defendant's motion is granted in part and denied in part.

Defendant challenges the adequacy of plaintiff's responses to Interrogatories Nos. 4, 6, 7, 17, and 19, and Requests for Production Nos. 3-6, 10, 11, 17, 20, 24, and 25. Defendant served these written discovery requests on June 13, 2013. Plaintiff served her objections and responses on July 16, 2013. On July 30, 2013, defendant sent plaintiff a "golden rule letter," outlining the deficiencies in plaintiff's responses to its discovery

requests. The parties conferred via telephone and e-mail but were unable to resolve the dispute.

## I. Governing Legal Standards.

When a party files a motion to compel and asks the court to overrule objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[1] Objections initially raised but not supported in response to the motion to compel are deemed abandoned.[2] However, if the discovery requests appear facially objectionable in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[3] The decision to grant a motion to compel is a matter of discretion for the court.[4]

## II. Interrogatories.

### A. Interrogatory No. 4.

Interrogatory No. 4 asks plaintiff to identify any employee she contends was in a comparable or similar situation to her, but whom she believes was treated in a more favorable manner than she was treated during her employment with defendant due to her gender or pregnancy, including but not limited to the "non-pregnant workers with other

---

[1] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[2] *In re Bank of Amer. Wage & Emp't Practices Litig.*, 275 F.R.D. 534, 538 (D. Kan. 2011).

[3] *Id.*

[4] *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 644 (D. Kan. 2007) (citing *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).

medical conditions." Plaintiff objected because the request "calls for a legal conclusion from a witness," and because it seeks information "which is not relevant to Ms. Meyer's *prima facie* case of discrimination in this Circuit." However, plaintiff asserted, "Without waiver, Ms. Meyer has served discovery requests on Defendant – who is in possession of documents showing its treatment of nonpregnant employees who were similarly situated in their ability to work."

Defendant seeks to compel plaintiff to disclose any person that she believes to have received more favorable treatment than her, *or* to indicate that she is unaware of any such persons. Defendant asserts plaintiff's counsel has already agreed to supplement this interrogatory answer but to date has not done so. Plaintiff confirms that she agreed to supplement her response, but states she has been unable to do so because the depositions of key witnesses in this case have not been transcribed yet. Plaintiff does not support any of her initial objections in her response; instead, she supplements her answer to Interrogatory No. 4 and asks the court to overrule defendant's request as to this response as moot. Because plaintiff does not support her objections to this request, as earlier indicated, the objections may be deemed abandoned. In the interest of justice, however, the court will briefly address plaintiff's objections.

Plaintiff first objects to Interrogatory No. 4 because it "calls for a legal conclusion from a lay witness." Generally, a request seeking material facts a party contends supports its case would be considered a contention interrogatory.[5] Fed. R. Civ. P. 33(c) expressly

---

[5] *G.D. v. Monarch Plastic Surgery, P.A.*, No. 06-2184, 2007 WL 201150, at *9 (D. Kan. Jan. 22, 2007).

recognizes and permits the use of contention interrogatories.[6] It provides that "an interrogatory otherwise proper is not necessarily objectionable because an answer to the interrogatory involves an opinion or contention that related to fact or the application of law to fact, …"[7] In light of the foregoing, the court finds that this is not a proper objection. Therefore, the court overrules plaintiff's objection to Interrogatory No. 4 on this first basis.

Plaintiff also objects to this request because "it seeks information which is not relevant to Ms. Meyer's prima facie case of discrimination in this Circuit." This is a frivolous objection. Under Fed. R. Civ. P. 26(b)(1), discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevancy is broadly construed for pretrial discovery purposes. "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[8] At least as a general proposition then, "[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of that party."[9]

> When the discovery sought appears relevant, the party resisting discovery has the burden to establish lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance

---

[6] *Id.*

[7] *Id.*

[8] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[9] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (internal quotations and citations omitted).

that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[10]

Plaintiff expressly injected this issue into the case. In paragraph 22 of the complaint, plaintiff alleges that defendant treated her "differently than non-pregnant workers with other medical conditions."[11] It is therefore not surprising that defendant now seeks to compel plaintiff to disclose any person she believes to have received more favorable treatment, or to indicate that she is unaware of any such persons. Whether or not this information is necessary to establish a prima facie case, it appears to be relevant to the defense of plaintiff's allegations in her complaint.

Because the discovery sought appears relevant on its face, it is plaintiff's burden to establish lack of relevance. Plaintiff fails to meet her burden. Plaintiff argues the information requested is not relevant because the Tenth Circuit has held "comparison evidence" is not necessary to establish a prima facie case of discrimination; rather, a plaintiff only must show her position remained open and was filled by a non-pregnant employee.[12] However, discovery should be allowed unless "it is clear that the information sought can have no possible bearing on the claim or defense of that party." As established above, defendant has shown that the requested discovery is relevant on its face. Plaintiff did not meet her burden to show that the requested discovery is irrelevant or is of such marginal relevance that the potential harm outweighs the ordinary

---

[10] *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[11] Doc. 1 at 4.

[12] Doc. 40-4 at 4.

presumption in favor of broad disclosure.  Accordingly, plaintiff's relevancy objection is overruled.

Plaintiff objects to this request but provides an answer subject to her objections.[13] Plaintiff also directs defendant to documents in defendant's possession.  Plaintiff's response is unclear and confusing.  This is precisely the reason why objecting *and* providing an answer subject to the objection is frowned upon by the courts.  Plaintiff failed to meet her burden to show her objections applied to this request.  Plaintiff's attempt to supplement her answer to this request in her response to defendant's motion is insufficient.  Therefore, plaintiff is ordered to supplement her answer in writing under oath to directly address the question posed by defendant in Interrogatory No. 4 in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

**B.     Interrogatory No. 6.**

Interrogatory No. 6 asks plaintiff to identify, for the *five years* before she began her employment with defendant to the present, all employers and individuals for whom she worked, the dates and title of each position she held, the job duties she performed, compensation and benefits received, her direct supervisors, and the reasons for her termination, if applicable.  Plaintiff did not object to this request.  Plaintiff responded that she was a stay-at-home mother for five years before she began working for defendant. Plaintiff asserted that she worked for L&M Marketing in Olathe, Kansas before she

---

[13] *See* plaintiff's response to Interrogatory No. 4 at Doc. 40-4: "Without waiver, Ms. Meyer has served discovery requests on Defendant - - who is in possession of documents showing its treatment of nonpregnant employees who were similarly situated in their ability to work."

became a mother and before that, she was a media relations intern for the former Kansas City Comets. Plaintiff referenced her resume and job application in her response but failed to produce them to defendant.

Defendant asks that plaintiff fully answer this interrogatory by properly identifying her employer, providing her complete earnings records, and producing her job application(s), as referenced therein. Interrogatory No. 6 asks for plaintiff's employment information for the five years before she began her employment with defendant to the present. Plaintiff answered that she was a stay-at-home mother for the five years before she began working for defendant. Plaintiff volunteered additional information about her work history prior to the time specified in defendant's request. Plaintiff omitted information about where she worked between the time she worked for defendant to the present. Therefore, plaintiff is ordered to fully answer this interrogatory. Plaintiff shall articulate her full subsequent earnings, and ongoing mitigation efforts, if any.

C.   **Interrogatory No. 7.**

Interrogatory No. 7 asks plaintiff to identify any and all sources and amounts of income, earnings, or monies that were given to her or earned by her, or that was attributed to her by any other party in W-2 or 1099 forms, whether or not reported to the Internal Revenue Service ("IRS"), for each calendar year from the last day she worked for defendant to the present, and identify the amount of income that she reported to the IRS for each reporting period. Plaintiff did not object to this request. Plaintiff identified her employer starting in January 2013, her supervisor, her hourly pay rate, and the amount of hours she worked per month for that employer. Plaintiff then stated that she

was unemployed from January 2013 to April 2013. Plaintiff also identified her employer, her supervisor, her hourly pay rate, and her job responsibilities from May 2013 to the present. In addition, she enclosed her paycheck stub.

Defendant asks that plaintiff supplement her answer to provide the requested information. In the alternative, defendant asserts that plaintiff may stipulate that she is not seeking front or back pay after the date of her employment with her current employer, starting on April 15, 2013. Defendant asserts that plaintiff's counsel has agreed that plaintiff would supplement this answer but to date she has not done so. Plaintiff responds that she has already supplemented her response by providing a letter directly from her current employer and a copy of her tax returns, which fully responds to this interrogatory.

It is still not clear that plaintiff has fully responded to the questions asked in Interrogatory No. 7. Plaintiff is ordered to supplement her answer to Interrogatory No. 7 by fully and completely answering the questions posed. Alternatively, plaintiff may stipulate that she is not seeking front or back pay after April 15, 2013.

**D.     Interrogatory No. 17.**

Interrogatory No. 17 asks plaintiff to identify any and all factors that affected her availability to work during June 2012, including but not limited to her spouse's work schedule and child care options available to her. Plaintiff did not object but responded that nothing out of the ordinary affected her availability to work other than her pregnancy and related medical conditions. Plaintiff also referenced the investigative file of the Equal Employment Opportunity Commission ("EEOC").

Defendant asks that plaintiff supplement her answer to identify if there were any ordinary reasons why plaintiff's availability was limited, including her husband's work schedule and childcare limitations. Plaintiff's answer is vague at best. Plaintiff is ordered to supplement her answer to directly answer the question posed in Interrogatory No. 17 by identifying any and all reasons why plaintiff's availability to work was limited during June 2012, ordinary or not.

### E. Interrogatory No. 19.

Interrogatory No. 19 asks plaintiff to describe any and all efforts she has made to seek other employment or other means of income since the last date she worked for defendant. In so doing, defendant asks plaintiff to identify all companies or persons with whom she has applied, inquired, or sought employment, including employment agencies or other personnel placement services. In response, plaintiff did not object but directed defendant to her response to Interrogatory No. 7 and the enclosed paycheck stub from her current employer.

Defendant seeks to compel plaintiff to supplement her answer and to disclose earnings to date and to fully answer this interrogatory. Defendant asserts that plaintiff has only produced one paycheck stub from her current employer. In the alternative, defendant states that plaintiff may stipulate that she is not seeking front or back pay after April 15, 2013. Plaintiff responds that she has fully responded by producing all available documents, including paycheck stubs, tax returns for 2011 and 2012, and letters from her prior employers.

Plaintiff is ordered to supplement her answer under oath in writing to fully and completely answer the questions posed in Interrogatory No. 19, including all sub-parts. In the alternative, plaintiff may stipulate in her amended response that she is not seeking front or back pay after April 15, 2013.

## III. Requests for Production.

### A. Request No. 3.

Request No. 3 asks plaintiff to "produce any and all documents identifying and evidencing: for whom you worked, where you worked; your job duties; compensation earned; and each and every reason for your separation from each employer," for the time period during and/or subsequent to her employment with defendant. In response, plaintiff did not object but asserted that "all such documents will be produced," and directed defendant to the enclosed paycheck stub from plaintiff's current employer. Defendant asserts that plaintiff's counsel has agreed to supplement plaintiff's production but to date plaintiff has only produced a letter and one paystub. Plaintiff responds that she has produced all available documents regarding her mitigation efforts.

Defendant seeks to compel plaintiff to supplement her production to produce all paychecks, and any W-2's or 1099's, or other responsive documents. Plaintiff is ordered to supplement her production and produce all responsive documents to Request No. 3 to the extent she has not already done so.

### B. Request No. 4.

Request No. 4 asks plaintiff to execute and return a copy of an "Authorization for Release of Employment Records" for each of her employers during and/or subsequent to

her employment with defendant until the time of trial. Plaintiff objected to this request because it is "improper under Rule 34, which contains no provision requiring a party to sign a release or authorization to obtain documents directly from a non-party." Defendant asserts that the requested records are relevant to plaintiff's mitigation obligations and asks the court to overrule plaintiff's objections and compel plaintiff to produce responsive documents. Plaintiff responds that Rule 45 of the Federal Rules of Civil Procedure is the proper method to obtain such records held by third parties.

Practically, the court is inclined to agree with defendant — surely the most efficient way for *both* parties to proceed here would be for plaintiff to execute a reasonably tailored authorization form. But technically, the court agrees with plaintiff. The appropriate procedure to compel a non-party to produce documents is to serve a subpoena as set forth in Rule 45.[14] Defendant asserts that it has subpoenaed plaintiff's employment records but has not received them yet. Defendant seeks to reserve its request to compel plaintiff to produce these records or sign an authorization for release of the records. However, it is only *after* the entities or individuals object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the court will consider a motion requesting: (1) the court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the court's general powers to enforce its own orders.[15] Defendant's request,

---

[14] *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007) (citing *DirecTV, Inc. v. Hess*, No. 04-2233, 2005 WL 375668, at *1 (D. Kan. 2004)).

[15] *Id.*

while understandable and reasonable, still is premature. Under the specific circumstances presented, there appears to be no basis under Rule 34 to allow this court to compel plaintiff to sign the release form as requested. Therefore, defendant's request is denied.

### C. Request No. 5

Request No. 5 asks plaintiff to produce all documents that relate to her claim for damages in this case, including but not limited to: 1) paycheck stubs from defendant and subsequent employers; 2) documents that evidence any loss incurred by plaintiff for which she seeks recovery in this litigation; and 3) documents that support her claim for punitive damages or attorneys' fees. Plaintiff did not object to this request but responded that all such documents will be produced.

Defendant asserts that it has only received one paystub from plaintiff. Additionally, defendant asserts that plaintiff agreed to supplement her production but to date has not done so. Plaintiff responds that she has no other available documents regarding her damages and asks that the court overrule defendant's motion regarding this request.

Plaintiff's response still appears to be deficient. Plaintiff is ordered to supplement her production to produce *all* responsive documents to Request No. 5.

### D. Request No. 6.

Request No. 6 asks for "all documents and/or files retained by, or taken by, you from Defendant." Plaintiff did not object but responded that all such documents will be produced. Plaintiff also directed defendant to work schedules and a copy of the EEOC's investigative file, which she claims were previously produced.

Defendant asserts that plaintiff has produced incomplete sets of store schedules and points to plaintiff's deposition testimony where she claimed to have at least one additional page of store schedules that she has not produced.[16] Defendant seeks to have plaintiff produce any other pages from the schedules that plaintiff has in her possession, *or* state that she cannot do so. Additionally, defendant seeks to have plaintiff produce other responsive documents in her possession or indicate that there are none. Plaintiff is ordered to supplement her response and produce all responsive documents to Request No. 6. If plaintiff does not have responsive documents, she shall state so in her amended response.

### E. Request Nos. 10, 11, 17, 20, and 25.

Request Nos. 10, 11, 17, 20, and 25 ask plaintiff to produce documents regarding her mitigation efforts to date, including plaintiff's paycheck stubs. Plaintiff did not object to any of these requests. Defendant asserts that plaintiff testified during her deposition that she found her current job through a posting on Facebook; however, plaintiff has not produced the posting. Defendant asks that plaintiff be compelled to produce the Facebook posting and supplement her responses to provide additional responsive documents, including, but not limited to, all paystubs. Plaintiff is ordered to supplement her responses to Request Nos. 10, 11, 17, 20, and 25 and produce all responsive documents in her possession, custody, or control, including the Facebook job posting and all paystubs. Additionally, plaintiff shall certify in her response that she has

---

[16] *See* Doc. 40, Exh. G.

properly searched her Facebook account. If plaintiff does not have responsive documents, she shall state so in her amended response.

F. Request No. 24.

Request No. 24 asks plaintiff to produce all income tax returns and documentation submitted to the IRS for tax years 2011 through the date of trial. In addition, defendant asks that plaintiff execute and return a copy of the attached "Tax Information Authorization." Plaintiff objected to this request as an invasion of privacy. Plaintiff also objected to this request as improper under Rule 34, which plaintiff asserts has no provision requiring a party to sign a release or authorization to obtain documents directly from a non-party. Plaintiff did not support her objections in her response; therefore, they may be deemed abandoned. Nonetheless, the court will briefly address plaintiff's objections to this request.

Despite plaintiff's objections to this request, plaintiff has provided her tax returns for calendar years 2011 and 2012. However, plaintiff did not produce her supporting W-2 or 1099 forms, as requested. Defendant asks the court to compel plaintiff to produce supporting earning records related to her tax returns. Without that information, defendant asserts that it is impossible to ascertain what amount of income is attributable to plaintiff's earnings. Defendant asserts that plaintiff has agreed to supplement her document production to this request but to date has not done so. Plaintiff responds that she has already produced copies of her W-2 forms, but she is willing to produce an additional copy. In addition, plaintiff responds that she has not received a W-2 from the YMCA but she will promptly forward it to defense counsel after she receives it.

Generally, courts do not favor compelling production of tax returns, but no absolute privilege exists preventing their discovery.[17] The District of Kansas has a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.[18] "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."[19] "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[20]

To the extent the supporting tax return forms reveal plaintiff's income, defendant has satisfied the first prong of the test by showing plaintiff's return is relevant to the issue of damages. Plaintiff claims economic losses. Plaintiff is seeking back and front pay. Plaintiff has put her income at issue.

As to the second prong of the test, the court finds that plaintiff has failed to provide sufficient evidence to establish that the information found in the returns is readily available from other sources. Therefore, the court will order plaintiff to produce supporting tax return forms consistent with Request No. 24.

---

[17] *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006) (citing *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 188-89 (D. Kan. 1997)).

[18] *Id.* (citing *Hilt*, 170 F.R.D. at 189).

[19] *Id.*

[20] *Id.*

The court notes that an agreed protective order has already been submitted by the parties and approved by the court.[21] The protective order limits the disclosure of confidential materials to the general public, which includes "tax information … related to the litigants," "personal and job-related employee information," and "financial … information that is confidential." Any privacy concerns plaintiff has should be relieved by the entered protective order so long as plaintiff designates the responsive documents as confidential. In consideration of the foregoing, plaintiff's objection to this request as an invasion of privacy is overruled and plaintiff is ordered to produce all responsive documents in her possession, custody, or control.

The court will deny, however, that portion of the motion to compel requesting plaintiff to execute a release allowing defendant to obtain plaintiff's tax records from third parties. As earlier indicated, technically, the appropriate procedure to compel non-parties to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.[22] Defendant did not indicate that it has subpoenaed plaintiff's tax returns from a third-party. It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the court will consider a motion requesting: (1) the court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the court's general powers to enforce its own orders.

---

[21] *See* doc. 18.

[22] *E.E.O.C.*, 243 F.R.D. at 429.

Accordingly, the court denies defendant's request to order plaintiff to sign an authorization to release her tax returns.

IT IS THEREFORE ORDERED that defendant's motion to compel **(doc. 39)** is granted in part and denied in part. In light of the approaching October 29, 2013 discovery deadline, plaintiff shall supplement her interrogatory and request for production answers and produce all responsive documents by **October 25, 2013**. The parties shall bear their own expenses and attorneys' fees incurred in connection with this motion.

IT IS SO ORDERED.

Dated October 21, 2013 at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge